IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DREW BARRY MCLENDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:21-CV-264-RAH-JTA |
| ) | |
| SGT. TEODORO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On April 22, 2024, the Magistrate Judge recommended that the Defendants' Special Report, construed as a motion to dismiss, should be granted. (Doc. 56). On May 13, 2024, Plaintiff Drew Barry McLendon filed a Response (doc. 57), which the Court construes as an Objection, to the Magistrate Judge's Recommendation (doc. 56).

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

The Court has conducted an independent and de novo review of those portions of the Recommendation to which objection is made. Upon this Court's review and consideration of the arguments set forth in the Objection, the Court agrees with the Magistrate Judge's findings and analysis.

Plaintiff appears to object to the Magistrate Judge's conclusion that his "allegations fail to establish that he was thwarted from taking part in the grievance process through . . .

1

intimidation." (Doc. 59 at 9.) But, as the Magistrate Judge found, Plaintiff made no attempt to file a grievance concerning his claims before the Court, and he made no attempt to connect the vague incidents he alleges were intimidation on the part of correctional officers to his failure to file a handwritten grievance (recognizing he could not file another electronic grievance at the prison kiosk). And in any event, he did not raise the allegations of intimidation included in his Objection in his previous filings. To the extent Plaintiff seeks to introduce new allegations and arguments in his Objection that he could have but did not raise before the Magistrate Judge, the Court declines to consider them. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

Moreover, Plaintiff requests that "this case [] be unsealed and available for the public to view[.]" (Doc. 57 at 2.) He will be pleased to know that the record and filings in this case, except for his own "jail file which contains his medical records and other documents of a sensitive nature" (doc. 41 (referencing doc. 40-7)), are not under seal and are on the public record.

Accordingly, it is ORDERED as follows:

(1) The Objection (doc. 57) is OVERRULED;

(2) The Recommendation (doc. 56) is ADOPTED;

(3) Defendants' Special Report (doc. 40), construed as a motion to dismiss, is GRANTED; and

(4) This case is DISMISSED.

DONE, on this the 22nd day of May 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE